**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ROBERT PIERSON,

      Plaintiff-Appellant,

v.

CORRY BASSETT, Deputy Sheriff;
ROB ANDAZOLA, Deputy Sheriff;
LINCOLN COUNTY SHERIFF'S
OFFICE, LINCOLN COUNTY, a county
in the State of Wyoming; JOHN OR
JANE DOES 1-5,

      Defendants-Appellees.

No. 13-8019
(D.C. No. 2:12-CV-00024-SWS)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **MATHESON**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and
**O'BRIEN**, Circuit Judge.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff Robert Pierson appeals from the district court's order granting summary judgment to defendants on his civil rights claims brought under 28 U.S.C. §§ 1983 and 1988. We affirm.

I.

The district court thoroughly reviewed the undisputed facts, and we need not repeat them in detail here. Briefly, on August 7, 2011, in the early afternoon, defendant Lincoln County Sheriff's Office received a 911 call from a concerned motorist, who identified himself and provided a detailed description of a man driving his motorcycle erratically at a very high rate of speed in a rural area of Wyoming near the Idaho border. The motorist agreed to wait in the nearby town of Alpine until contacted again by the sheriff's office.

Defendant Deputy Bassett spotted plaintiff and pulled him over on the highway outside Alpine. Plaintiff denied violating any traffic laws. Deputy Bassett asked plaintiff for his driver's license and if he had any weapons. Plaintiff asked if he could get off his motorcycle to get out his driver's license, but instead of answering the question as to whether he had a weapon, he declared more than once that he did not consent to any searches. Plaintiff then got off of his motorcycle to get his driver's license, and Deputy Bassett saw that plaintiff had a handgun holstered on his right hip. Although open carrying is legal in Wyoming, Deputy Bassett immediately placed handcuffs on plaintiff, explaining that he was not under arrest but was being handcuffed for Deputy Bassett's safety until backup arrived. Plaintiff

objected and argued with Deputy Bassett for approximately ten minutes about being handcuffed, as evidenced by the audio recording plaintiff made on his cellphone.

Within approximately thirty-five to forty-five minutes total, defendant Deputy Andazola arrived, and then Deputy Bassett's supervisor, Lieutenant Andrews, arrived. Lt. Andrews explained to plaintiff that the motorist who had called 911 was no longer willing to sign a complaint at that point, and plaintiff was allowed to go on his way. Plaintiff filed this civil rights action under 42 U.S.C. §§ 1983 and 1988, alleging that his constitutional rights were violated.

The district court granted defendants' motions for summary judgment. The court concluded that, under the totality of the circumstances, the motorist's tip was sufficient to create reasonable suspicion to justify the traffic stop. The court also determined that Deputy Bassett's concern for his safety was justified by his being the sole officer in the rural location of the stop, by the fact that plaintiff had a gun, and by plaintiff's behavior during the stop, including his non-responsive answers regarding whether he had a weapon. The court also found that the total length of the detention even under plaintiff's version of the facts was reasonable because Deputy Bassett's decision to wait for backup before uncuffing plaintiff's hands was reasonable, "[i]n light of the tense and argumentative dialogue that ensued between Plaintiff and Deputy Bassett following the cuffing of Plaintiff's hands." Aplt. App. at 417. The court rejected plaintiff's claim of unreasonable seizure for open-carrying a firearm because he was stopped based on a report of reckless driving, not because

he was open-carrying a gun.  Having concluded that plaintiff failed to establish a violation of his constitutional rights, the court determined that the individual defendants were entitled to qualified immunity and that the municipal defendants could not be found liable.  Plaintiff appeals.

## II.

We review a grant of summary judgment de novo, applying the same legal standard as the district court.  *Becker v. Bateman*, 709 F.3d 1019, 1022 (10th Cir. 2013).  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

"Our review of summary judgment orders in the qualified immunity context differs from that applicable to review of other summary judgment decisions."  *Thomson v. Salt Lake Cnty.*, 584 F.3d 1304, 1312 (10th Cir. 2009).  "When a defendant asserts qualified immunity at summary judgment, the burden shifts to the plaintiff to show that:  (1) the defendant violated a constitutional right and (2) the constitutional right was clearly established."  *Id.* (internal quotation marks omitted).  "Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right."  *Id.* (internal quotation marks omitted).  "In determining whether the plaintiff has met [his] burden of establishing a constitutional violation that was clearly established, we will construe the facts in the light most

favorable to the plaintiff as the nonmoving party." *Id.* (citing, e.g., *Scott v. Harris*, 550 U.S. 372, 378, 380 (2007)).

> However, because at summary judgment we are beyond the pleading phase of the litigation, a plaintiff's version of the facts must find support in the record: more specifically, "[a]s with any motion for summary judgment, '[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts[.]'"

*Id.* (quoting *York v. City of Las Cruces*, 523 F.3d 1205, 1210 (10th Cir. 2008) (quoting *Scott*, 550 U.S. at 380)).

On appeal, plaintiff challenges the scope of his detention in handcuffs, not the justification for the stop. He argues that: (1) the district court improperly construed evidence against him from which reasonable jurors could conclude that he was compliant and not acting in a threatening manner to Deputy Bassett or Deputy Andazola; (2) Deputy Bassett's handcuffing and forty-minute detention of plaintiff was an arrest without probable cause to arrest, and Deputy Bassett's actions were therefore not objectively reasonable; (3) his rights to be free from detention and arrest with no probable cause were clearly established by August 7, 2011; (4) the district court erred when it dismissed his municipal liability claim; (5) the district court erred in rejecting his affidavit as conclusory and self-serving; and (6) the district court erred when it concluded that there were no genuine issues of material fact justifying a trial.

We have carefully reviewed the record on appeal and have listened to the audiotapes plaintiff made of the encounter on his cellphone. We reject plaintiff's claims of error. The district court's conclusion that plaintiff's dialogue with Officer Bassett was "tense and argumentative" is completely accurate. Aplt. App. at 417. No rational trier of fact could believe plaintiff's characterization of his own behavior as compliant and never argumentative after hearing the audiotapes. Thus, the district court did not err by granting summary judgment in favor of defendants because plaintiff's affidavit is "'blatantly contradicted by the record.'" *York*, 523 F.3d at 1210 (quoting *Scott*, 550 U.S. at 380). We affirm based on the remarkably careful analysis fully set out in the district court's January 22, 2013, order.[1]

Affirmed.

Entered for the Court

John C. Porfilio
Circuit Judge

---

[1] We particularly note, as part of the district court's discussion of the length of the detention, that the plaintiff asked for Deputy Bassett's supervisor to come to the scene. "When a [person]'s own conduct contributes to a delay, he or she may not complain that the resulting delay is unreasonable." *United States v. Shareef*, 100 F.3d 1491, 1501 (10th Cir. 1996).